VALERIE BANTNER PEO (SBN: 260430)
ARLEN MORADI (SBN: 353956)
BUCHALTER, A Professional Corporation
425 Market St., Suite 2900
San Francisco, CA 94105-3493
Telephone: (415) 227-3533
Email: vbantnerpeo@buchalter.com
       amoradi@buchalter.com

MARK M. SCOTT (SBN: 138569)
BUCHALTER, A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.224.6217
Email: mscott@buchalter.com

Counsel for Secured Creditors
WELLS FARGO EQUIPMENT FINANCE, INC.
and WELLS FARGO FINANCIAL LEASING, INC.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>PRECISION SWISS PRODUCTS, INC.,<br><br>Debtor. | Case No. 24-51678<br><br>Chapter 11<br><br>**WELLS FARGO'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR (1) APPROVAL OF ASSET PURCHASE AGREEMENT AND THE SALE OF ASSETS PURSUANT TO 11 U.S.C. SECTION 363; AND (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. SECTION 365**<br><br>Date: December 12, 2024<br>Time: 11:30 a.m.<br>Ctrm: 11 |

Secured creditors Wells Fargo Equipment Finance, Inc. ("WFEF") and Wells Fargo Financial Leasing, Inc. ("WFFL", and together with WFEF, "Wells Fargo") hereby submit their limited objection and reservation of rights (the "Limited Objection") to the *Motion for (1)*

*Approval of Asset Purchase Agreement and the Sale of Assets Pursuant to 11 U.S.C. Section 363; and (2) Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. Section 365* [Dkt. No. 42] (the "Sale Motion") filed by Precision Swiss Products, Inc. ("Debtor") on November 14, 2024.

## I.     INTRODUCTION

Under the facts of this case, Debtor may only sell its property free and clear of liens and interests (i) with the secured party's consent, or (ii) if the collateral is sold for greater than all liens encumbering such property.

Wells Fargo does not consent to the sale of its Equipment (defined below) at the current bid amounts, and it is not yet known whether the Equipment will be sold at a price that exceeds Wells Fargo's liens. Therefore, Wells Fargo objects to the Sale Motion and reserves all rights with respect to the sale of its Equipment.

## II.     BACKGROUND

Prior to the Petition Date, the Debtor entered into two equipment lease agreements under which Wells Fargo is either the lessor or now holds all right, title and interest in through assignment, as more fully described below and in WFEF and WFFL's proofs of claims.

### a.     The WFEF Lease

On or about April 20, 2022, Makino, Inc., as lessor, and Debtor, as lessee, entered into a written Equipment Lease (the "WFEF Lease") whereby Makino agreed to purchase for and lease to Debtor (i) a 5 Axis Vertical Machining Center, Model No. DA300, Serial No. 276, and (ii) Tooling (together, the "WFEF Equipment").

To secure performance of Debtor's obligations under the WFEF Lease, Debtor granted to Makino a security interest in all of Debtor's right, title, and interest in the WFEF Equipment and all attachments thereto. Makino's security interest in the WFEF Equipment was duly perfected by the filing of a UCC-1 Financing Statement with the California Secretary of State as File No. U220190880328.

Subsequent to the funding of the transaction evidenced by the WFEF Lease, Makino assigned all its right, title and interest in the WFEF Lease and WFEF Equipment to WFEF.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

The Debtor defaulted under the WFEF Lease by, among other things, failing to make the payments owed thereunder and failing to make the WFEF Equipment available for recovery by WFEF. As a result of the events of default, WFEF declared all the unpaid and future payments owed under the WFEF Lease immediately due and payable.

As of the Petition Date, there is due, owing and unpaid the sum of $579,715.87, plus accrued interest, late charges, costs, attorney's fees and expenses under the WFEF Lease.

    **b.**  **The WFFL Lease**

On or about July 27, 2022. WFFL, as lessor, and Debtor, as lessee, entered into a written Equipment Lease (the "WFFL Lease") whereby WFFL agreed to purchase for and lease to Debtor three (3) 2021 Ingersoll Rand RS55n New Variable Speed Compressors, Serial Nos. MOX1005923, MOX1006117, and MOX1005918 (the "WFFL Equipment, and together with the WFEF Equipment, the "Equipment").

To secure performance of Debtor's obligations under the WFFL Lease, Debtor granted to WFFL a security interest in all of Debtor's right, title, and interest in the WFFL Equipment and all attachments thereto. WFFL's security interest in the WFFL Equipment was duly perfected by the filing of a UCC-1 Financing Statement with the California Secretary of State as File No. U220214612016.

The Debtor defaulted under the WFFL Lease by, among other things, failing to make the payments owed thereunder and failing to make the WFFL Equipment available for recovery by WFFL. As a result of the events of default, WFFL declared all the unpaid and future payments owed under the WFFL Lease immediately due and payable.

As of the Petition Date, there is due, owing and unpaid the sum of $107,893.14, plus accrued interest, late charges, costs, attorney's fees and expenses under the WFFL Lease.

    **c.**  **The Debtor's Bankruptcy**

On November 4, 2024 (the "Petition Date") the debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

Concurrently with the filing of its petition, the Debtor also filed a *Motion to Approve Overbid and Auction Procedures and Breakup Fees and Expense Reimbursement* [Dkt. No. 7]

(the "Bid Procedures Motion") pursuant to which the Debtor sought Court approval of certain procedures relating to the proposed sale of substantially all of the Debtor's assets. According to the Bid Procedures Motion, ERA Parent, LP d/b/a BTX Precision (the "Stalking Horse Bidder") would serve as the stalking horse bidder, with a proposed purchase price of $5,000,000.00. The Court granted the Bid Procedures Motion on November 7, 2024.

On November 14, 2024, the Debtor filed the Sale Motion. Pursuant to the Sale Motion, the assets to be sold at auction will be designated by the Asset Purchase Agreement between the Debtor and the Stalking Horse Bidder. On December 6, 2024, the Debtor filed the (i) *Asset Purchase Agreement Dated December 3, 2024 by and Between BTX Precision, LLC and Precision Swiss Products, Inc., Nobert Kozar and Melissa Kozar* [Dkt. No. 69] ("APA"), and (ii) *Asset List for Debtor Relating to Motion for (1) Approval of Asset Purchase Agreement and the Sale of Assets Pursuant to 11 U.S.C. Section 363; and (2) Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. Section 365* [Dkt. No. 72] ("Asset List"). The APA and Asset List identify both the WFEF Equipment and WFFL Equipment as assets to be sold pursuant to the Sale Motion.

The Sale Motion proposes to sell the Equipment listed on Exhibit B thereto, which Exhibit includes the Wells Equipment, free and clear of all liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code. The Debtor asserts the following bases for selling free and clear:

> Consents to Sale (Section 363(f)(2); Applicable Nonbankruptcy Law Permits Sale Free and Clear (Section 363(f)(1); or Section 363(f)(5) because, pursuant to Section 1129(b)(2)(A) of the Bankruptcy Code, the secured party could be compelled to accept payment in satisfaction of its lien where, as here, the net proceeds of the sale of the Purchased Assets attach to the proceeds of sale).

Sale Motion, § II. B(J).

### III. ARGUMENT

The Debtor may not sell Wells Fargo's Equipment free and clear of liens unless Wells Fargo provides its consent or the Equipment is sold at a price that is greater than the aggregate value of Wells Fargo's liens. 11 U.S.C. § 363(f). Subsection 363(f), which provides the basis for

debtors who wish to sell assets free and clear of interests, indicates as follows:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Here, subsections (1), (4), and (5) are not at issue. First, the Debtor has cited to no authority that nonbankruptcy law permits the sale of the Equipment free and clear of Wells Fargo's liens. Second, there is no dispute regarding Wells Fargo's interest in the Equipment. And, third, Wells Fargo could not be compelled to accept a money satisfaction of its interest in the Equipment in a legal or equitable proceeding. *See Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 46 (B.A.P. 9th Cir. 2008). Therefore, Wells Fargo's Equipment can be sold free and clear of its liens and interests only if Wells Fargo provides its consent (subsection (2)), or if the price at which the Equipment is sold is greater than the aggregate value of Wells Fargo's liens (subsection (3)).

With regard to Bankruptcy Code section 363(f)(3), it is not yet clear whether the Equipment will be sold at a higher price than the aggregate value of Wells Fargo's liens. Neither the Sale Motion, the APA, nor the Asset List allocate a price for the proposed sale of the Equipment, nor do the Sale Motion, APA or Asset List suggest what percentage of the $5,000,000 proposed sale price will be earmarked for Wells Fargo's collateral.[1] While counsel for the Debtor

---

[1] Wells Fargo is in communication with the Debtor's professionals, through counsel, including with respect to the portion of the sale price that is proposed to be attributed to Wells Fargo's Equipment. Wells Fargo expects that those conversations will continue.

has indicated that overbids to the Stalking Horse bid have been received and that the auction will proceed, it is not assured that the ultimate sale price will exceed the value of the liens securing the Debtor's equipment. Therefore, at present, is not clear whether the Debtor will be allowed to sell the Equipment pursuant to Bankruptcy Code section 363(f)(3).

Thus it seems that the Debtor may only sell the Equipment free and clear to the extent that Wells Fargo provides its consent pursuant to Bankruptcy Code section 363(f)(2). Absent additional information about the price to be attributed to its Equipment, Wells Fargo cannot evaluate whether it is prepared to consent to the sale.

Accordingly, until additional information is provided regarding how Debtor intends to allocate the purchase price, Wells Fargo does not consent to the sale of the Equipment for less than the amounts owed under the WFEF Lease and the WFFL Lease.

## IV. CONCLUSION

For the reasons discussed above, Wells Fargo objects to the Sale Motion and reserves all rights with respect to the sale of its Equipment.

DATED: December 10, 2024              BUCHALTER, A Professional Corporation


By: /s/ Valerie Bantner Peo
VALERIE BANTNER PEO
Attorneys for WELLS FARGO EQUIPMENT
FINANCE, INC. AND WELLS FARGO
FINANCIAL LEASING, INC.

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER, A Professional Corporation, 425 Market Street, Suite 2900, San Francisco, CA 94105.

On the date set forth below, I served the foregoing document described as:

**WELLS FARGO'S LIMITED OBJECTION TO AND RESERVATION OF RIGHTS REGARDING DEBTOR'S MOTION FOR (1) APPROVAL OF ASSET PURCHASE AGREEMENT AND THE SALE OF ASSETS PURSUANT TO 11 U.S.C. SECTION 363; AND (2) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. SECTION 365**

on all other parties and/or their attorney(s) of record to this action as follows:

- Brooke H Blackwell    bblackwell@vedderprice.com
- Kathryn M.S. Catherwood    kcatherwood@grsm.com, mbrookman@grsm.com
- Mike Chow    mike.chow@usdoj.gov
- Kevin W. Coleman    kcoleman@nutihart.com, nwhite@nutihart.com
- Christopher H. Hart    chart@nutihart.com
- Raffi Khatchadourian    raffi@Hemar-Rousso.com
- Chris D. Kuhner    c.kuhner@kornfieldlaw.com, g.michael@kornfieldlaw.com
- Gregory C. Nuti    gnuti@nutihart.com
- Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov
- Raymond A. Policar    policarlaw@att.net
- Michael T. Pyle    Michael.T.Pyle@usdoj.gov, Elizabeth.Inocencio@usdoj.gov
- Julie H. Rome-Banks    julie@bindermalter.com
- William W Thorsness    wthorsness@vedderprice.com
- Seth W. Wiener    seth@sethwienerlaw.com, swiener@sacattorneys.com

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**: The aforementioned documents will be served by the court via email and hyperlink to the document. On **December 10, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the persons listed above are on the Electronic Mail Notice List to receive email notice/service for this case at the email addresses stated above.

SC&H Group  
6011 University Boulevard #490  
Ellicott City, MD 21043

Chad and Debra Yaw  
158 Halyn Way NW  
Supply, NC 28462  
*Creditor*

| | |
|---|---|
| Norbert Kozar<br>Chief Executive Officer<br>1911 Tarob Court<br>Milpitas, CA 95035 | Marissa R. Boyd<br>Douglas S. Saavedra<br>Katherine F. Wenger<br>Brown, Gee & Wenger LLP<br>200 Pringle Avenue, Suite 400<br>Walnut Creek, CA 94596<br>*Counsel for Creditor A&S Enterprises, LLC* |

☑ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in San Francisco, California on **December 10, 2024**. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

| | |
|---|---|
| Hallina Pohyar | /s/ Hallina Pohyar |
| | (Signature) |